USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FERDO GRGUREV and OMER GRGUREV,  :
individually and derivatively,  :
  :
                                                       Plaintiffs,  :    1:15-cv-9805-GHW
  :
                         -against-  :    MEMORANDUM OPINION
  :            AND ORDER
MILAN LICUL, BRANCO TURCINOVIC,  :
DENNIS TURCINOVIC, FIVE "M" CORP., 268  :
SH RESTAURANT CORP., DELMONICO'S  :
DISTRIBUTION LLC, and 268 SH  :
RESTAURANT CORP.,  :
  :
                                            Defendants,  :
                       -and-  :
  :
OCINOMLED LTD. and 50/50 RESTAURANT  :
CORP., OSCAR MAXIMILLIAN TUCCI,  :
GINA TUCCI, DELMONICO LLC, BEAVER  :
EQUITIES GROUP, LP  :
  :
                                Nominal Defendants.  :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      The posture of this motion is unusual, to say the least. Both parties have asked the Court to abstain from exercising its jurisdiction over this case, citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), but have decided to proceed by an unopposed motion to dismiss rather than voluntarily stipulating to the dismissal of this case under Federal Rule of Civil Procedure 41. Still—though the motion is unopposed, the Court cannot grant it. The argument that *Colorado River* and its progeny mandate abstention here is fundamentally flawed because the threshold requirement of *Colorado River* abstention has not been met: the state and federal court proceedings in

this case are not parallel. Defendants' motion to dismiss the Second Amended Complaint is therefore DENIED.

## I.  Background

Plaintiffs Ferdo and Omer Grgurev initially brought this action individually and derivatively on behalf of Ocinomled Ltd. and 50/50 Restaurant Corp ("50/50") in December 16, 2015. Along with defendants Milan Licul and Branko Turcinovic, the two plaintiffs are equal owners of both Ocinomled and 50/50; each of the four controls a 25-percent stake in both corporations. Second Amended Complaint ("SAC"), Dkt. No. 352, at ¶¶ 23–24. Each corporation owns and operates another restaurant: 50/50 owns and operates Scaletta, a restaurant located at 50 West 77th Street on Manhattan's Upper West Side, and Ocinomled owns and operates Delmonico's, a restaurant located at 56 Beaver Street, also in Manhattan. SAC ¶¶ 23–24.

The Second Amended Complaint contained a bevy of allegations, including one that defendants Milan Licul and Branko Turcinovic infringed upon and diluted the "Delmonico's" trademark by using the mark in connection with other restaurants and consumer products unaffiliated with Ocinomled. SAC ¶¶ 176, 183. Defendants carried out these allegedly infringing uses through defendant corporations Five "M" Corp., 268 SH Restaurant Corp., Delmonico's Distribution LLC, and 268 SH Realty Corp. Plaintiffs further allege that defendants Milan Licul, Branko Turcinovic, and Dennis Turcinovic misappropriated funds earned by Delmonico's that were properly owed to Ocinomled and Plaintiffs. SAC ¶ 117.

After the Court held an initial pretrial conference on February 18, 2016, the parties engaged in extensive motion practice and discovery, culminating in the scheduling of a trial set to begin on July 9, 2018. Before the final pretrial conference on June 28, 2018, Defendants raised the possibility that certain necessary parties were not joined in the action. *See* Dkt. No. 259. The Court ordered briefing on the issue, and the trial was adjourned *sine die*. *See* Dkt. No. 261. Ultimately, the Court

found that Gina Tucci, the heir to a prior owner of the "Delmonico's" mark, and Beaver Equities Group, L.P., Ocinomled's landlord and an intermediate licensee of the mark, were necessary parties to the litigation.  *See* Dkt. No. 289.  In light of this determination, the Court granted Plaintiffs leave to amend the complaint by adding both the necessary parties and a claim for declaratory judgment on the issue of the mark's contested ownership.  *See* Dkt. No. 350.  Plaintiffs filed the SAC on August 9, 2019.  Dkt. No. 352.

In the meantime, Plaintiffs filed an action in New York Supreme Court on August 2, 2019 for equitable dissolution of Ocinomled, naming only Milan Licul and Branko Turcinovic as defendants.  Complaint, Grgurev et al v. Licul et al, No. 157551/2019 (N.Y. Sup. Ct. August 2, 2020), NYSCEF Doc. No. 1.  The Grgurevs amended their state complaint on September 16, 2019 to include all of the claims listed in the federal SAC, but failed to join Dennis Turcinovic, Five "M" Corp., 268 SH Restaurant Corp., Delmonico's Distribution LLC, or 268 SH Realty Corp. as defendants—even though a number of the newly added state court claims involved those parties.  *See* Dkt. No. 391-3.

On February 24, 2020, the New York Supreme Court stayed the action with respect to the overlapping state and federal claims.  Decision & Order on Mot. at 2, Grgurev et al v. Licul et al, No. 157551/2019 (N.Y. Sup. Ct. Feb. 24, 2020), NYSCEF Doc. No. 143.

On November 15, 2019, Defendants to dismiss the SAC, arguing that, because of the ongoing litigation in state court, *Colorado River* and its progeny require that this Court abstain from exercising jurisdiction over this case.  Motion to Dismiss, Dkt. No. 389 at 2.  Initially, Plaintiffs opposed Defendants' motion.  *See* Dkt. No. 390.  But on March 6, 2020, Plaintiffs changed their mind; they withdrew their opposition to Defendants' motion to dismiss and instead joined the motion "in the interest of judicial economy."  *See* Dkt. No. 407 at 2.

3

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. Fed. R. Civ. P. 12(b)(1). The party "asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, "the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Morrison*, 547 F.3d at 170. When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true "unless contradicted by more specific allegations or documentary evidence." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

Even when, as here, a motion to dismiss is unopposed, the court "must determine whether dismissal is appropriate on the merits." *Newell v. Apple Inc.*, No. 19-CV-4018 (JPO), 2020 WL 1547487 at *1 (S.D.N.Y. Apr. 1, 2020). That is because "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)).

## III. DISCUSSION

As a basis for dismissal under Rule 12(b)(1), Defendants assert that abstention is warranted under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Because this case does not satisfy the most basic requirement for abstention under *Colorado River* and its progeny—that is, the existence of parallel state court proceedings—the Court cannot abstain from exercising its jurisdiction in this case.

Federal courts "have a virtually unflagging obligation to exercise their jurisdiction." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River*, 424 U.S. at 817). Thus, abstention "is the exception, not the rule." *Id.* (quoting *Colorado River*, 424 U.S. at 813–14). Still, in cases where "parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources," federal courts may abstain from exercising their jurisdiction. *Id.*

"An analysis of whether a court should abstain under *Colorado River* begins with" the threshold "determination of whether the concurrent federal and state proceedings are 'parallel' in nature." *Fernandez v. City of New York*, 2017 WL 2894144, at *2 (S.D.N.Y. July 7, 2017). Even where federal and state proceedings are parallel, however, *Colorado River* abstention is nonetheless warranted only in "exceptional circumstances." *Colorado River*, 424 U.S. at 813. "The mere fact of concurrent state and federal proceedings 'does not, without more, warrant staying exercise of federal jurisdiction.'" *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 602 (2d Cir. 1988) (quoting *Colorado River*, 424 U.S. at 816).

In evaluating whether Colorado River abstention is appropriate, federal district courts are to consider six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). These six factors are:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction, (2) whether the federal forum is less inconvenient than the other for the parties, (3) whether staying or dismissing the federal action will avoid piecemeal litigation, (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other, (5) whether federal law provides the rule of decision, and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms,*

5

*Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (quoting *Colorado River*, 424 U.S. at 818–19).  "Where a *Colorado River* factor is facially neutral, that 'is a basis for retaining jurisdiction, not for yielding it.'"  *Niagara Mohawk Power Corp.*, 673 F.3d at 101 (quoting *Woodford*, 239 F.3d at 522).

   Abstention is not warranted in this case because the state and federal proceedings are not parallel.  "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum," *Niagara Mohawk Power Corp.*, 673 F.3d at 100 (quotation omitted), or when "the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same," *National Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997).  "Perfect symmetry of parties and issues is not required.  Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case."  *Shields v. Murdoch,* 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012) (emphasis in original) (quotation omitted).

   Here, the state and federal actions may share the same factual underpinnings, but the parties are not identical.  Specifically, though Plaintiffs appear to have copied, verbatim, the text of the Second Amended Complaint from the federal action into their state complaint, *see* Dkt. No. 391-3, at 21–34, they failed to join five of the seven Defendants here as defendants in the state action: Dennis Turcinovic, Five "M" Corp., 268 SH Restaurant Corp., Delmonico's Distribution LLC, and 268 SH Realty Corp.  Altogether, Plaintiffs have thirty-six claims pending against those five defendants.  And, "[t]hough abstention does not require that the parties in the relevant suits be identical, when dismissal of the federal proceeding would leave a defendant free from any proceeding on issues in question, abstention is unwarranted."  *Frydman*, 172 F. Supp. 3d, at 664 (quoting *DDR Constr. Servs. v. Siemens Indus.*, 770 F. Supp. 2d 627, 645 (S.D.N.Y. 2011) (abstention unwarranted where abstention would dismiss several defendants who were not parties to the other action));  *see also Dalzell Mgmt.*, 923 F. Supp. 2d at 598 (abstention inappropriate where, among other

6

factors, "dismissal of federal action would presumably leave six defendants free from any proceeding on the issues in question").

Not all of these omissions would necessarily prove fatal to Defendants' motion; Defendants Milan Licul and Branko Turcinovic control the corporate omitted Defendants (Five "M" Corp., 268 SH Restaurant Corp., Delmonico's Distribution LLC, and 268 SH Realty Corp.). The federal and state actions might reasonably be described as parallel had those defendants alone been omitted. *See, e.g., Nakash v. Marciano*, 882 F.2d 1411, 1416-17 (9th Cir. 1989) (cases parallel where, among other factors, all parties were named in state and federal actions, except for corporate entities owned and operated by the parties). But Defendant Dennis Turcinovic's omission from the state action makes abstention unwarranted here, as Turcinovic would no longer be part of any action were the Court to abstain from adjudicating the claims against him. *See Wells Fargo Century, Inc. v. Hanakis*, No. 04CV1381(SLT)(VVP), 2005 WL 1523788, at *9 (E.D.N.Y. Jun. 28, 2005) (reasoning that "the fact that [the defendant] is not a party to the State Court Action is a distinction far more significant than the similarity of subject matter," and holding abstention unwarranted because "[the defendant] would no longer be part of any action were the Court to abstain").

Because the state and federal actions are not parallel, the Court need not reach the issue of whether Colorado River abstention is warranted here.

### IV.     CONCLUSION

It may be that the parties would prefer to litigate this matter in New York Supreme Court in conjunction with the equitable dissolution proceeding. Luckily, there is a mechanism by which the parties might agree to do this: a stipulation under Federal Rule of Civil Procedure 41. But the parties have not executed any such stipulation, and Defendants' motion to dismiss has no merit, so the Court cannot abstain from exercising its jurisdiction here.

7

Defendants' motion to dismiss is therefore DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 387.

SO ORDERED.

Dated: April 21, 2020

                                                                   GREGORY H. WOODS
                                                               United States District Judge