```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FERDO GRGUREV and OMER GRGUREV,
individually and derivatively,

                              Plaintiffs,

                -against-

MILAN LICUL, BRANCO TURCINOVIC,
DENNIS TURCINOVIC, FIVE "M" CORP., 268
SH RESTAURANT CORP., DELMONICO'S
DISTRIBUTION LLC, and 268 SH
RESTAURANT CORP.,

                              Defendants,
                -and-

OCINOMLED LTD. and 50/50 RESTAURANT
CORP., OSCAR MAXIMILLIAN TUCCI,
GINA TUCCI, DELMONICO LLC, BEAVER
EQUITIES GROUP, LP

                     Nominal Defendants.
-----------------------------------------------------------------X

1:15-cv-9805-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

    About three weeks ago, the Court denied Defendants' motion to dismiss this case. *See generally Grgurev v. Licul*, No. 1:15-CV-9805-GHW, 2020 WL 1922688 (S.D.N.Y. Apr. 21, 2020). Days later, Plaintiffs asked the Court to dismiss, this time under Federal Rule of Civil Procedure 41(a)(2). In a whiplash-inducing plot twist, Defendants now oppose that motion. They claim that they will be legally prejudiced by the dismissal of this case, notwithstanding the fact that they recently requested the exact same relief. Because the Court can cure any prejudice by ordering the dismissal of this case subject to several conditions the Court deems appropriate, Plaintiffs' motion is GRANTED.

I. **BACKGROUND**

The parties are familiar with the peculiar posture of this case, given the Court's April 21, 2020 opinion. Thus, the Court will therefore not recount the facts of this case in detail here, but will instead embed any relevant facts in its analysis. Any mystified reader is directed to refer to the background section of the April 21, 2020 opinion for additional clarity.

The question before the Court is simple: where should this case be heard? Here, in federal court? Or in state court, in conjunction with an equitable dissolution proceeding that can be heard only in state court? At first, Defendants thought the latter, and moved to dismiss the federal case in November 2019. Though Plaintiffs initially opposed the motion, they withdrew their opposition in March.

In the meantime, the parties were in state court adjudicating similar issues. In January, Plaintiffs moved to dismiss (or, in the alternative, stay) the Defendants' counterclaims in state court, alleging that the counterclaims were identical to those pleaded in the federal case and would be more efficiently adjudicated in federal court. *See generally* Pet'rs Mot. to Dismiss, *Grgurev et al v. Licul et al*, No. 157551-2019 (N.Y. Sup. Ct. Jan. 2, 2020), Dkt. No. 62. In response, Defendants rejected the premise of Plaintiffs' argument—namely, that the federal case should continue at all—and cross-moved for a stay. Opp'n, *Grgurev et al v. Licul et al*, No. 157551-2019 (N.Y. Sup. Ct. Jan. 3, 2020), Dkt. No 72. Calling Plaintiffs' motion "the definition of irony," Defendants acknowledged that "[f]or reasons of judicial economy, and to avoid the danger of contradictory rulings and contradictory findings of fact, one of these cases ought to be dismissed." *Id.* at 1–2. They submitted that it should be the federal case.

Justice Cohen heard argument on these motions on February 24, 2020. During the proceeding, he discussed a myriad of ways that the parties could avoid trying these cases simultaneously in two courts across the street from one another. In the end, he dismissed

Defendants' counterclaims without prejudice, and stayed portions of the state court case that overlapped with the federal case. In dismissing the counterclaims, he noted that although N.Y. C.P.L.R. 3211(a)(4) governed here, he specifically envisioned a method by which these counterclaims may be litigated in state court if they were not litigated in federal court:

> I think it is likely that if the federal court dismisses that counterclaim for whatever reason, lack of jurisdiction being the only one I can think of, I would think it would be likely that that claim could be reasserted here under the statute of limitations savings provision of 205(a) but, you know, I think it's right between the eyes of rule 3211(a)4. So, I'm not dismissing it in a way that gives res judicata impact to it but if it's going to be litigated anywhere, you should litigate it in the federal court unless it's somehow dismissed in which case you can try to march up the hill here.

Feb. 24, 2020 Tr., *Grgurev et al v. Licul et al*, No. 157551-2019 (N.Y. Sup. Ct. Mar. 16, 2020), Dkt. No. 156 ("Feb. 24, 2020 Tr."), 42:13–24.

The Court issued its opinion on the motion to dismiss on April 21, 2020. That same day, Plaintiffs notified the Court of their intention to move to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* Dkt. No. 414. The Court dispensed with its typical pre-motion conference requirement and set an expedited briefing schedule to promote a speedy resolution of this issue. Three days later, Plaintiffs filed its motion to dismiss. Defendants Milan Licul, Branko Turcinovic, Dennis Turcinovic, Five "M" Corp., 268 SH Realty Corp., 268 SH Restaurant Corp., and Delmonico's Distribution LLC opposed the motion on May 1, 2020. Plaintiffs replied on May 6, 2020.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision whether to grant a Rule 41(a)(2) motion for voluntary dismissal lies within the sound discretion of the court. *See D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996).

Courts consider two lines of authority when deciding a motion to voluntarily dismiss. *See Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). The first line suggests that voluntary dismissal is improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)); *see also Dahon Cal., Inc.*, 100 F.3d at 283 (beginning "a litigation all over again does not constitute legal prejudice."). The second line of authority "involves consideration of various factors, known as the *Zagano* factors, including (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Grimes*, 436 F.3d at 123. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

Voluntary dismissal without prejudice is not a matter of right. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). But "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017).

### III.   ANALYSIS

#### A.   *Zagano* Factors

The *Zagano* factors weigh heavily in favor of granting Plaintiffs' motion. For one, Plaintiffs were certainly diligent in bringing this motion. As noted in the Court's April 21, 2020 opinion, though Plaintiffs initially opposed Defendants' motion to dismiss, Plaintiffs changed their minds in March 2020, withdrew their opposition, and joined the motion "in the interest of judicial economy." See Dkt. No. 407 at 2. As soon as the Court determined that the motion to dismiss was meritless, Plaintiffs shifted tack and raised the Rule 41(a)(2) issue with the Court.

If any party's actions could be characterized as vexatious here, the blame falls on Defendants: first, Defendants moved to dismiss in federal court and asserted that state court was the appropriate place for this litigation. They made the exact same arguments to Justice Cohen in opposing Plaintiffs' state court motion to dismiss. But as soon as the Court determined that their unopposed motion to dismiss lacked legal merit, Defendants turned tail and now claim the exact opposite: that proceeding in state court would unfairly prejudice them. This argument strains credulity for a number of reasons discussed *infra* in Part III(B), but among them is the fact that somehow defendant Dennis Turcinovic joins in Defendants' opposition here. The Court's opinion on Defendants' motion to dismiss was partially premised on the fact that abstention would effectively dismiss all of the pending claims against Dennis Turcinovic. That Dennis Turcinovic could possibly be prejudiced by having all of the claims against him vanish is frankly unbelievable.

Furthermore, this case has certainly progressed significantly over the past four years, but the Court expects that any discovery taken in the federal action can and will be used in the state court case. Indeed Defendants have already brainstormed ways in which to use the discovery generated in this case in the state court action, acknowledging that "[i]t would be wasteful and duplicative to continue litigating plaintiffs' claims in this Court[.]" Defs.' Mot. to Dismiss, Dkt. No. 389 at 3. And Justice Cohen seems to agree. *See* Feb. 24, 2020 Tr. at 43:16–19 ("Any discovery that happens in the federal case should be deemed applicable to this case and one way or another I don't want depositions to be duplicated.")

The Court's consideration of the *Zagano* factors therefore strongly weighs in favor of granting Plaintiffs' motion.

### B. Legal Prejudice

Defendants identify four reasons that they would be legally prejudiced by a Rule 41(a)(2) dismissal: "(1) the State Court dismissed Defendants' counterclaims and the only counterclaims

5

remaining are those pending in this Court; (2) Defendants would be deprived of a speedy and timely trial, (3) the cost of relitigation would be very expensive [for both sides] given that discovery in the state case has just begun, and (4) the vagaries associated with the Covid-19 pandemic and the age of the case." Defendants' Opposition, Dkt. No. 419 at 4. None of these are insurmountable barriers to dismissal.

Taking these out of order: Defendants assume that this Court has not similarly been affected by the novel coronavirus pandemic, and that any trial in this case would come significantly sooner than one in the state case. The Court has not yet reviewed its calendar to identify a time when it could schedule any hypothetical trial in this case, but all of its other pending trials have been adjourned due to the pandemic, all those cases will take priority when the Court can begin holding trials again. It is highly unlike that any trial in this case could take place before next spring or summer.

Again, the Court presumes that any discovery from this case will be used in the state court proceedings, obviating Defendants' concerns about duplicative costs. Indeed, the only incidental prejudice the Court can envision is some expectation on behalf of Defendants that Plaintiffs will be prevented from introducing its substitute expert's report. But the Court has not been presented with a motion to exclude Plaintiffs' expert testimony and has therefore not decided that Plaintiffs' substitute expert will be precluded for failing to meet the Court's expert disclosure schedule. Given that Plaintiffs' failure to invest in expert discovery here was influenced by Defendants' motion to dismiss, there is no basis to assume that the Court would do so.

To the extent that the state court's dismissal of Defendants' counterclaims presents legal prejudice, that prejudice is surmountable. Rule 41(a)(2) permits a court to dismiss a claim "on terms that the court considers proper." Plaintiffs then have "the choice between accepting the conditions and obtaining dismissal" or "if he feels that the conditions are too burdensome, withdrawing his

6

dismissal motion and proceeding with the case on the merits." *Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 109 (2d Cir. 2018) (quotation omitted). Thus, the Court can condition any dismissal on the requirement that Plaintiffs stipulate to the adjudication of Defendants' counterclaims in state court.

Finally, the Nominal Defendants have not opposed Plaintiffs' motion. Indeed, they joined few of the Court's conferences, and have expressed no interest in participating in the motion practice in the federal action. Thus, even though these Nominal Defendants were joined in this litigation because they potentially had a claim to the Delmonico's trademark, the Court cannot find that they would be prejudiced in dismissing this action.

In sum, the potential prejudice Defendants face is their inability to litigate their counterclaims in state court. The following conditions are designed to avoid such prejudice: (1) Plaintiffs must stipulate that Defendants will be permitted to litigate their counterclaims in state court; (2) Plaintiffs must write the Court no later than four weeks from the date of this opinion providing the Court with support for the conclusion that Justice Cohen is willing and able to hear Defendants' counterclaims as part of the pending state action. These conditions will afford Plaintiffs the opportunity to consolidate this litigation in state court and protect Defendants from any legal prejudice.

## IV.  CONCLUSION

Because the *Zagano* factors weigh heavily in favor of dismissing this case, and because any legal prejudice to Defendants can be easily cured, Plaintiffs' motion is granted subject to the two aforementioned conditions so long as Plaintiffs inform the Court by four weeks from the date of this opinion of the satisfaction of these conditions

7

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 416.

SO ORDERED.

Dated: May 12, 2020

                                              GREGORY H. WOODS
                                          United States District Judge

8